# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GREGORY MAY,

    Plaintiff,

v.

SCOTT MATTINSON, *et al.*,

    Defendants.

Case No. 2:19-cv-00161-RFB-VCF

**ORDER**

    Before this Court is Plaintiff's Motion for Preliminary Injunction and/or Protective Order. ECF No. 1. Plaintiff Gregory May is a blind inmate housed at High Desert State Prison. Plaintiff alleges that he was moved to an upstairs cell and fears falling down the stairs. He alleges that when he complained about the move, correctional officers told him to shut up and stop being so difficult. He further alleges that he suffers from severe eye pain, but when another inmate wrote a grievance on his behalf seeking pain medication, the grievance was denied on the basis that other inmates could not write grievances on his behalf. Because Plaintiff is blind and cannot write his own grievances, the grievance process is therefore inaccessible to him. Plaintiff was assisted by another inmate in the writing and filing of the instant motion.

    Plaintiff's Motion is the initiating document in this case, with no separately-filed Complaint. The Court is mindful of both the liberal pleading standards afford to *pro se* litigants and the particular difficulties in accessing the Court inherent in Plaintiff's alleged disability. The Court thus construes the Motion as both a preliminary injunction motion and a complaint in this case. The Court construes the initiating document to be setting forth, at a minimum, a medical deliberate indifference claim regarding Plaintiff's eye pain and an American with Disabilities Act ("ADA") claim regarding his denial of access to the courts and the NDOC grievance procedure. The Court notes that other districts have allowed *pro se* prisoners to proceed by construing an

initiating motion for preliminary injunction both as a motion and as the complaint. See, e.g. Diaz v. Vasquez, No. 1:12-CV-00732-GBC PC, 2012 WL 5471803, at *1 (E.D. Cal. Nov. 9, 2012); McDaniels v. Richland Co. Pub. Defs. Office, No. CA 1:12-6-TLW-SVH, 2012 WL 1565618, at *1 (D.S.C. Mar. 27, 2012), report and recommendation adopted, No. CA 1:12-6-TLW-SVH, 2012 WL 1565472 (D.S.C. May 2, 2012) (citing Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981)).

Plaintiff has not yet filed an application to proceed *in forma pauperis* or a filing fee. The matter of the filing fee shall be temporarily deferred.

Plaintiff's motion also requests appointment of counsel. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id.

In the instant case, the Court finds that exceptional circumstances warrant the appointment of counsel. Plaintiff is blind and plainly requires assistance to access the courts. Plaintiff's allegations support likely success on the merits. The Court grants the motion for appointment of counsel and refers Plaintiff to the Court's pro bono program for appointment of counsel. The Court orders that, in the interim, Plaintiff must be permitted to allow other inmates to read Court documents to him and to prepare Court documents on his behalf.

Therefore,

**IT IS ORDERED** that the Clerk of the Court shall re-file the Motion at ECF No. 1 as the complaint and shall send Plaintiff a courtesy copy of the complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve a copy of this order and a copy of Plaintiff's complaint (ECF No. 1) on the Attorney General's Office.

1 | **IT IS FURTHER ORDERED** that Plaintiff is referred to the Court's pro bono program for appointment of counsel.

**IT IS FURTHER ORDERED** that, as appointment of counsel is pending, Plaintiff be permitted to allow other inmates to read Court documents to him and to prepare Court documents on his behalf.

**IT IS FURTHER ORDERED** that counsel for High Desert State Prison file a special appearance with the Court by February 12, 2019. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

**IT IS FURTHER ORDERED** that Defendants file any Response to Plaintiff's Motion for Preliminary Injunction (ECF No. 1) by February 14, 2019.

DATED: February 2, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**