**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| GREGORY MAY, | |
| Plaintiff, | 2:19-00161-RFB-VCF |
| vs. | **ORDER** |
| SCOTT MATTINSON, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Unopposed Motion for Extension of Time to Serve Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. (ECF No. 61).

Due to the COVID-19 pandemic, Plaintiff seeks a sixty-day extension under FED. R. CIV. P. 4(m) to effectuate service upon the Defendants.

**A. Relevant Background**

On March 30, 2020, the court granted Plaintiff's request to file a Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. (ECF NO. 52). Plaintiff filed the Second Amended Complaint on April 22, 2020, which is the operative complaint in this matter. (ECF NO. 53). On June 8, 2020, Defendants Scott Mattinson, Jennifer Nash, Martin Naughton, M.D., Theresa Wickham, and Brian Williams filed an Answer to the Second Amended Complaint. (ECF No. 59).

**B. Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**C. Discussion**

Pro Se Plaintiff initiated this case with the filing of a Motion for Preliminary Injunction and/or Protective Order and Complaint. (ECF Nos. 1, 3). Pro Bono counsel was appointed on April 2, 2019. (ECF No. 14). The First Amended Complaint was filed on June 4, 2019. (ECF NO. 20). This case was stayed for the parties to mediate through the Inmate Early Mediation Program. The parties did not reach a resolution at the IEM in December of 2019. Based on the instant motion, it seems as though Plaintiff's counsel and Defendants' counsel have been exchanging communications regarding service of process on the second amended complaint. (ECF No. 61).

The time to effectuate service upon the Defendants has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively). Here, Plaintiff asserts he has been unable to perfect service of process on defendants due to the COVID-19 pandemic. (ECF No. 61).

The court finds that good cause warrants extending the service of process deadline.

Defendants Scott Mattinson, Jennifer Nash, Martin Naughton, M.D., Theresa Wickham, and Brian Williams have filed an Answer to the Second Amended Complaint. The need to perfect service of process on them is denied as moot.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Unopposed Motion for Extension of Time to Serve Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ECF No. 61) is GRANTED in part and DENIED in part as stated above. The deadline to perfect service on Defendants Caseworker Hammell, Monique Hubbard-Pickett, Thomas Hinckle, C/OT Rodriguez also known as Amanda Arias, Timothy Hulsey, Corey Rowley, Christopher Miller, Steffen Moskoff, and Damien Robins, is extended up to and including October 12, 2020. Plaintiff must file proof of service for these Defendants on or before October 19, 2020.

DATED this 12th day of August, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE