ANGELA H. DOWS, ESQ.
Nevada Bar No. 010339
CORY READE DOWS & SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
E-Mail: adows@crdslaw.com
*Pro Bono Counsel Referred via the
Legal Aid Center of Southern Nevada*
for Plaintiff GREGORY MAY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GREGORY MAY,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT MATTINSON, in his individual and official capacities;<br>THERESA WICKHAM, in her individual and official capacities;<br>MARTIN NAUGHTON, M.D., in his individual and official capacities;<br>BRIAN WILLIAMS, in his individual and official capacities;<br>JENNIFER NASH, in her individual and official capacities;<br>CASEWORKER HAMMELL, in his/her individual and official capacities;<br>MONIQUE HUBBARD-PICKETT, in her individual and official capacities;<br>THOMAS HINCKLE, in his individual capacity;<br>C/OT A. RODRIGUEZ also known as AMANDA ARIAS, in her individual capacity;<br>TIMOTHY HULSEY, in his/her individual capacity;<br>COREY ROWLEY, in his individual capacity;<br>CHRISTOPHER MILLER, in his | Case No.: 2:19-cv-00161-RFB-VCF<br><br>**STIPULATION AND ORDER TO SUBSTITUTE DEFENDANT WILLIAM A. GITTERE IN PLACE OF DEFENDANT SCOTT MATTINSON** |

| | |
|---|---|
| individual capacity; | ) |
| STEFFEN MOSKOFF, in his individual | ) |
| capacity; | ) |
| DAMIEN ROBINS, in his individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Gregory May, by and through his counsel, Angela H. Dows, Esq., and Defendants Scott Mattinson, Stephen Moskoff, Jennifer Nash, Martin Naughton, Corey Rowley, Theresa Wickham, and Brian Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Alexander J. Smith, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby submit their Stipulation and Order to substitute in Defendant William A. Gittere in the place and stead of Defendant Scott Mattinson pursuant to Fed. R. Civ. P. 17 and Fed. R. Civ. P. 25.

Dated this 8th day of January, 2021.

                                                  Respectfully submitted,
                                                  /s/ Angela H. Dows
                                                  ANGELA H. DOWS, ESQ.
                                                  1333 N. Buffalo Drive, Suite 210
                                                  Las Vegas, Nevada 89128
                                                  *Pro Bono Counsel Referred via the*
                                                  *Legal Aid Center of Southern Nevada*
                                                  for Plaintiff GREGORY MAY

I. **APPLICABLE LAW**

Fed. R. Civ. P. 17(a)(3) provides:

(3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Additionally, Fed. R. Civ. P. 25 provides, in relevant part:

(a) DEATH.
(1) **Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
(2) **Continuation Among the Remaining Parties.** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
(3) **Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.
…

(d) PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

## II. STIPULATION

The parties submit that Defendant William A. Gittere be substituted in the place and stead of Defendant Scott Mattinson in the subject action. This is based upon the following:

a. On October 14, 2020, Plaintiff received notice from Defendants' counsel via electronic correspondence that Defendant Scott Mattinson had passed away in 2020.

b. Pursuant to Fed. R. Civ. P. 25, the instant stipulation is being commenced within ninety (90) days of said informal notice of death.

c. That Plaintiff also desires to have the warden of the Ely State Prison included as a Defendant in the matter as a real party in interest, to wit a person named William A. Gittere.

d. That the parties have agreed in exchange for a dismissal of claims that Plaintiff may have against the deceased Defendant Scott Mattinson, including any claims that the Plaintiff may have against the estate of Scott Mattinson, if any, that:

1. Defendant Scott Mattinson would be dismissed from the case, and

2. Defendant William A. Gittere would be added to the case.

e. Plaintiff Gregory May has been advised of the stipulation, and assents to the same.

f. Thus, the parties agree that:

1. The operative complaint in this action shall be deemed amended to exclude Defendant Scott Mattinson, and add Defendant William A.

4

Gittere.

2. The operative Answer in this action shall be deemed to be the answer on behalf of said added Defendant William A. Gittere, in addition to the Defendants represented in the Answer (*See* ECF No. 59.)

3. The caption in this matter shall be changed to remove Defendant Scott Mattinson as the first party Defendant and substitute William A. Gittere as the first party Defendant, such that it reads "Gregory May v. William A. Gittere, et al., Defendants."

4. No other changes to the other named Defendants are contemplated via the instant stipulation.

DATED: January 8, 2021                                DATED: January 8, 2021

/s/ Angela H. Dows                                    /s/ Alexander J. Smith
ANGELA H. DOWS, ESQ.                                  ALEXANDER J. SMITH, ESQ.
CORY READE DOWS & SHAFER                              Deputy Attorney General
1333 North Buffalo Drive, Suite 210                   Office of the Nevada Attorney General
Las Vegas, Nevada 89128                               555 E. Washington Avenue, Suite 3900
*Attorney for Plaintiff*                              Las Vegas, Nevada 89101
                                                      *Attorneys for Defendants*

**IT IS SO ORDERED.**

DATED this 11th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

5